IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CLUB CAR, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>DENAGO EV CORPORATION<br><br>    Defendant. | Civil Action No: 2:25-cv-00632<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF CLUB CAR, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Club Car, LLC ("Plaintiff" or "Club Car") files this Complaint for patent infringement against Defendant Denago EV Corporation ("Defendant" or "Denago EV"), and, in support thereof, alleges as follows:

1. Defendant Denago EV has demonstrated an intentional and ongoing pattern of infringement of Club Car's intellectual property across the full spectrum of its product offerings. As set forth in detail herein, this includes infringement of Club Car patents relating to the operation and design of its novel electric and gas vehicles and their accessories. Upon information and belief, Denago EV's vehicle business is focused almost entirely on misappropriating Club Car intellectual property in an attempt to compete with Club Car's industry leading products. Club Car has and will enforce its duly issued intellectual property so that this conduct does not continue.

**THE PARTIES**

2. Plaintiff Club Car, LLC is a limited liability corporation organized under the laws of Delaware, with its principal place of business at 4125 Washington Road, Evans, GA 30809.

1

3. Upon information and belief, Defendant Denago EV is a Delaware corporation with its principal place of business at 2799 Gateway Centre Pkwy Bldg. G, St. Petersburg, FL 33716. Defendant Denago EV may be served with process via its registered agent, Qiong Li at 3700 W. Royal Ln Ste 160, Irving, Texas 75063, or as otherwise authorized under applicable law.

4. Upon information and belief, Defendant has regular and established places of business throughout Texas and in this District, including at 3900 W. Plano Pkwy., Plano, TX 75075.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 1 *et seq.*

7. This court has personal jurisdiction over Defendant, and venue is proper in this District, because Defendant has regular and established places of business located within this District, including at 3900 W. Plano Pkwy., Plano, TX 75075, and because Defendant actively and regularly conducts business within the State of Texas and within this District.

8. Upon information and belief, direct infringement is occurring within the State of Texas and this District through Defendant's manufacture/assembly of its "Denago EV Nomad," "Denago EV Nomad XL," (collectively, the "Denago EV Nomad"), its "Denago EV City," and other similar products from the Denago EV line (collectively with the Denago EV Nomad, the "Accused EVs") at its factory located in Plano, Texas.

9. Further, upon information and belief, direct or indirect infringement is occurring within the State of Texas and this District through Defendant's sale and distribution of the Accused EVs and the "Denago EV Clamp" (collectively with the Accused EVs, the "Accused Products") through dealerships within the State of Texas and this District through Defendant's sales of or offers to sell the Denago EV Clamp.

10. Plaintiff conducts business operations in the State of Texas and in this District through its affiliated dealers and distributors.

11. Venue as to Defendant is thus proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTS

### A. History of Club Car

12. Club Car is an industry leader in the development and sale of golf cars. Designed and assembled in the United States, Club Car's electric and gas golf carts, personal transportation vehicles, and utility vehicles offer top notch quality and unparalleled versatility. By fusing automotive-quality materials with dynamic power options and sleek designs, each vehicle delivers the experience expected from the best carts in the industry.



13. Club Car vehicles, such as its Onward® line shown above, revolutionized the industry, particularly with respect to consumer vehicles. They can be built to customer specifications and preferences with completely customizable options including color, seats, wheels, windshields, canopies, and everything in between. They also offer superior durability, comfort, stability and handling, and unprecedented power.

14. Club Car makes every attempt to protect its intellectual property rights, to protect its reputation, and to protect its customers from confusion in the marketplace associated with these innovative products. In connection with its research and development efforts, Club Car has developed groundbreaking inventions for its vehicles and accessories. These inventions are currently protected by multiple United States patents, including U.S. Patent No. 7,775,311 (the "'311 Patent"), U.S. Patent No. D1,078,540 (the "'540 Patent), and U.S. Patent No. 9,371,096 (the "'096 Patent) (collectively, the "Asserted Patents").

15. Club Car owns all right, title, and interest in and to the Asserted Patents.

16. Club Car makes, distributes, offers to sell, and sells products, including Onward personal transport vehicles, Tempo and Precedent golf fleet cars, and Carryall and XRT utility vehicles that incorporate Club Car's intellectual property, including the inventions that are claimed in the Asserted Patents and Club Car's other utility and design patents.

**B.     The Accused Products**

17. On information and belief, Denago EV began in late 2022 as a start-up electric bike company led by a group of bicycle industry veterans. In 2024, it shifted its focus to custom vehicle sales operations.

18. On information and belief, Denago EV manufactures all, or substantially all, of its carts in China. It then assembles the golf carts at its factory located in Plano, Texas. Its first cart came off the production line on October 4, 2024, at the Plano, Texas facility.

19. Today, Denago EV assembles and sells a number of street-legal carts including at least the Accused EVs, examples of which are shown below.


Denago EV Nomad


Denago EV Nomad XL


Denago EV City

20. Denago EV also assembles and sells cart accessories, including at least the Denago EV Clamp, examples of which are shown below.




5

21.     The vehicles and clamps shown above and other similar products from the Denago EV line are, collectively, the Accused Products in this action.

C.     **Defendant's Knowledge of the Asserted Patents**

22.     Upon information and belief, Denago EV monitors Club Car's patents and patent applications and has been aware of the Asserted Patents since prior to the filing of this Complaint.

23.     For instance, and by way of example only, in a Facebook post on or about May 30, 2025, Denago stated, "We had a team of patent attorneys review our design alongside Club Car CRU's pending patent. We're in the clear and good to go to market." A screen shot of the Facebook post is below.



24.     Further, Denago EV has been on specific notice of its infringement of the '311 Patent at least as early as its receipt of a notice letter that Club Car sent to Denago EV on April 8,

2024. A true and accurate copy of the April 8, 2024 letter is attached hereto and incorporated by reference as Exhibit A.

25. Denago EV was further reminded of its infringement of Club Car's '311 Patent and put on notice of its infringement of the '540 Patent on January 22, 2025, when Club Car sent a follow up letter again identifying the '311 Patent along with the application that lead to the '540 Patent. A true and accurate copy of the January 22, 2025 letter is attached hereto and incorporated by reference as Exhibit B.

**D.    Defendant's Infringement of the '311 Patent**

26. The '311 Patent, entitled "HOUSING FOR VEHICLE POWER SYSTEMS" with named inventors David R. Hardy, Christopher D. Cosby, Duane E. Newman, Dougles T. Crow, Gary L. Lewis, Paul E. Morgan, Gerald C. Skelton, and Michael L. Welsh, was duly and legally issued to Club Car, Inc. on August 17, 2010. On September 2, 2011, Club Car, Inc. changed its name to Club Car, LLC. Plaintiff Club Car, LLC is the owner of all right title and interest in and to the '311 Patent. A true and accurate copy of the '311 Patent is attached here as Exhibit C.

27. The Denago EV Nomad infringes one or more claims of the '311 Patent, including at least each and every element of Claim 1 either literally or under the doctrine of equivalents, as set forth below and in the claim chart attached as Exhibit D.

28. Claim 1 of the '311 Patent recites:

> 1. A vehicle comprising:
>
>> a frame;
>>
>> a prime mover mounted to the frame;
>>
>> a bucket-like housing removably connected to the frame, the housing defining an interior space;

a power system including an energy source positioned substantially within the interior space of the housing such that the housing supports the energy source, the energy source being connectable to the prime mover; and

a seat coupled to and supported by the housing for removal from the frame with the housing, the seat generally covering the interior space of the housing when the housing is connected to and disconnected from the frame.

29. The Denago EV Nomad either literally or equivalently comprises a vehicle. *See* Ex. D at D-1.

30. The vehicle of the Denago EV Nomad either literally or equivalently comprises a frame. *See* Ex. D at D-2.

31. The vehicle of the Denago EV Nomad either literally or equivalently comprises a prime mover mounted to the frame. *See* Ex. D at D-2.

32. The vehicle of the Denago EV Nomad either literally or equivalently comprises a bucket-like housing removably connected to the frame, the housing defining an interior space. *See* Ex. D at D-3.

33. The vehicle of the Denago EV Nomad either literally or equivalently comprises a power system including an energy source positioned substantially within the interior space of the housing such that the housing supports the energy source, the energy source being connectable to the prime mover. *See* Ex. D at D-4.

34. The vehicle of the Denago EV Nomad either literally or equivalently comprises a seat coupled to and supported by the housing for removal from the frame with the housing, the seat generally covering the interior space of the housing when the housing is connected to and disconnected from the frame. *See* Ex. D at D-5.

E.  **Defendant's Infringement of the '540 Patent**

35.  The '540 Patent, entitled "Vehicle," with named inventors Daniel Russ Dykstra, Nikolas Anthony Bryan-Dunaway, Gregory James Lacock, Hayden Adam Lynch, and Jonathan Eugene Sturm was duly and legally issued to Club Car on June 10, 2025.  A true and accurate copy of the '540 Patent is attached hereto and incorporated herein by reference as Exhibit E.  Representative Figures 1 and 2 of the '540 Patent are shown below.



36.  Club Car's new, proprietary Club Car Cru shown below, practices the '540 Patent.  The Cru is designed to turn heads with its breezy open-air design, flexible seating, center table, 360-degree views, and most importantly, room for the whole crew.



37. The Denago EV City model, shown below, is a blatant copy of the Club Car Cru. The Denago EV City model incorporates features, design elements, and an overall aesthetic that is substantially similar to Club Car's Cru. Denago EV is attempting to capture market share by offering its infringing Denago EV City model at a lower price point than Club Car's Cru model, thereby capitalizing on Club Car's investment in research, development, and brand reputation.



38. Defendant has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and intends to continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import products to directly compete with Club Car that violate Club Car's rights, including Club Car's patent rights. This competition has caused and will cause significant price erosion in the market for this new, high end vehicle. Defendant's infringement is therefore causing irreparable harm to Club Car and forcing Club Car to bring this lawsuit to protect its intellectual property.

39. The Denago EV City infringes the claim of the '540 Patent, as set forth below and in the claim chart attached as Exhibit F.

**F.    Defendant's Infringement of the '096 Patent**

40.    The '096 Patent, entitled "SYSTEM AND APPARATUS FOR UTILITY VEHICLE ACCESSORY MOUNTING," with named inventors Steven P. Hoston, Dean J. Long, Jospeh A. Cuadra, Jr., Nick L. Arndt, and Samuel R. Lyons, was duly and legally issued to Club Car on June 21, 2016. A true and accurate copy of the '096 Patent is attached hereto and incorporated by reference as Exhibit G.

41.    The Denago EV Clamp infringes one or more claims of the '096 Patent, including at least each and every element of Claim 11 either literally or under the doctrine of equivalents, as set forth below and in the claim chart attached at Exhibit H.

42.    Claim 11 of the '096 Patent recites:

11. A clamping device for use in a cargo bed having a plurality of protrusions forming a clamping device engagement interface adapted to align with the clamping device, comprising:

a handle, a body, a clamping mechanism with a plurality of fingers, and a pull rod interconnecting the handle, body, and clamping mechanism;

wherein the clamping mechanism is sized and shaped to be inserted into the clamping device engagement interface, and once within the clamping device engagement interface, the handle actuated such that the plurality of fingers bears against the device engagement interface, wherein the clamping mechanism further includes a back side and the plurality of fingers includes a first finger positioned above a second finger;

wherein the first finger comprises a first arm extending from the back side, a first leg substantially parallel to the back side extending from the first arm, and a first lip extending toward the back side from the first leg;

11

>wherein the second finger comprises a second arm extending from the back side, a second lip substantially parallel to the back side extending from the second arm; and
>
>wherein the first leg and the second lip are substantially coplanar.

43. The Denago EV Clamp either literally or equivalently comprises a clamping device for use in a cargo bed having a plurality of protrusions forming a clamping device engagement interface adapted to align with the clamping device. *See* Ex. H at H-1.

44. The Denago EV Clamp either literally or equivalently comprises a handle, a body, a clamping mechanism with a plurality of fingers, and a pull rod interconnecting the handle, body, and clamping mechanism. *See* Ex. H at H-2.

45. The clamping mechanism of the Denago EV Clamp either literally or equivalently comprises the clamping mechanism sized and shaped to be inserted into the clamping device engagement interface, and once within the clamping device engagement interface, the handle is actuated such that the plurality of fingers bears against the device engagement interface. *See* Ex. H at H-3.

46. The clamping mechanism of the Denago EV Clamp further includes a back side and the plurality of fingers includes a first finger positioned above a second finger. H at H-4.

47. The first finger of the Denago EV Clamp either literally or equivalently comprises a first arm extending from the back side, a first leg substantially parallel to the back side extending from the first arm, and a first lip extending toward the back side from the first leg. *See* Ex. H at H-5.

48. The second finger of the Denago EV Clamp either literally or equivalently comprises a second arm extending from the back side, a second lip substantially parallel to the back side extending from the second arm. *See* Ex. H at H-5.

49. The Denago EV Clamp either literally or equivalently comprises a first leg and second lip that are substantially coplanar. *See* Ex. H at H-6.

## **COUNT I – INFRINGEMENT OF THE '311 PATENT**

50. Club Car incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully here.

51. Club Car is the owner of the '311 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '311 Patent against infringers, and to collect damages for all relevant times.

52. As evidenced by the claim chart attached hereto as Exhibit D, Defendant has directly infringed and continues to infringe the '311 Patent, either literally or via the doctrine of equivalents, by making, using, importing, supplying, distributing, selling, or offering for sale, the Accused Products within the United States, in violation of 35 U.S.C. § 271(a).

53. Upon information and belief, Defendant has made and is continuing to make unlawful gains and profits from its infringement of the '311 Patent.

54. Upon information and belief, at least as early as its receipt of Club Car's notice letter dated April 8, 2024, Defendant has been on notice of and/or has had knowledge of the '311 Patent and its infringement thereof. Accordingly, Defendant's infringement of the '311 Patent has been willful and deliberate at least since this date.

55. Club Car has been damaged and irreparably harmed by Defendant's infringement of the '311 Patent and Club Car is entitled to relief under 35 U.S.C. § 154(d) and 35 U.S.C.

§ 284. Club Car will continue to suffer damages and irreparable harm unless Defendant is permanently enjoined by this Court from continuing its infringement.

## COUNT II – INFRINGEMENT OF THE '540 PATENT

56. Club Car incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully here.

57. Club Car is the owner of the '540 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '540 Patent against infringers, and to collect damages for all relevant times.

58. Defendant has directly infringed and continues to directly infringe the '540 Patent by making, using, importing, supplying, distributing, selling, and/or offering for sale the Denago EV City within the United States, a product that copies the ornamental design covered by the '540 Patent in violation of 35 U.S.C. § 271(a).

59. As evidenced by the claim chart attached as Exhibit F, the design of the Denago EV City is substantially the same as the design of the '540 Patent. The designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase the Denago EV City believing it to be substantially the same as the design protected by the '540 Patent.

60. Upon information and belief, Defendant has made and continues to make unlawful gains and profits from its infringement of the '540 Patent.

61. Upon information and belief, based on its monitoring of Club Car's patent portfolio, and at least as early as the filing of this complaint, Defendant has been on notice of and/or has had knowledge of the '540 Patent and its infringement thereof. Accordingly,

Defendant's infringement of the '540 Patent has been willful and deliberate at least since this date.

62. Club Car has been damaged and irreparably harmed by Defendant's infringement of the '540 Patent and Club Car is entitled to relief under 35 U.S.C. § 154(d) and 35 U.S.C. § 284. Club Car will continue to suffer damages and irreparable harm unless Defendant is permanently enjoined by this Court from continuing its infringement.

## COUNT III – INFRINGEMENT OF THE '096 PATENT

63. Club Car incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully here.

64. Club Car is the owner of the '096 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '096 Patent against infringers, and to collect damages for all relevant times.

65. As evidenced by the claim chart attached hereto as Exhibit H, Defendant has directly infringed and continues to infringe the '096 Patent, either literally or via the doctrine of equivalents, by making, using, importing, supplying, distributing, selling, or offering for sale, the Denago EV Clamp within the United States, in violation of 35 U.S.C. § 271(a).

66. Defendant likewise has induced infringement of the '096 Patent in violation of 35 U.S.C. § 271(b). Specifically, Defendant actively encourages its customers (including but not limited to end users, dealers, and distributors) to directly infringe the '096 Patent by using the Denago EV Clamp within the United States via its sales of the Denago EV Nomad and Denago EV Rover XL6 with the Versattach Bar which includes a cargo bed having a plurality of protrusions forming a clamping device engagement interface adapted to align with the Denago EV Clamp. *See* Ex. H at H-1.

67. Defendant specifically intended and has been aware (at least since the filing of this Complaint) that its customers' use of the Denago EV Clamp in connection with the Denago EV Nomad and Denago EV Rover XL6 with the Versattach Bar would infringe the '096 Patent.

68. Defendant likewise has contributed to the infringement of the '096 Patent in violation of 35 U.S.C. § 271(c). Specifically, Defendant makes, uses, imports, supplies, distributes, sells, or offers for sale, the Denago EV Clamp for use with the Denago EV Nomad and Denago EV Rover XL6 with the Versattach Bar which includes a cargo bed having a plurality of protrusions forming a clamping device engagement interface adapted to align with the Denago EV Clamp. *See* Ex. H at H-1. These components form a material part of the inventions claimed in the '096 Patent.

69. The Denago EV Clamp is specifically adapted for use in a manner that infringes the '096 Patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

70. Upon information and belief, Defendant has made and is continuing to make unlawful gains and profits from its infringement of the '096 Patent.

71. Upon information and belief, based on its monitoring of Club Car's patent portfolio, and at least as early as the filing of this complaint, Defendant has been on notice of and/or has had knowledge of the '096 Patent and its infringement thereof. Accordingly, Defendant's infringement of the '096 Patent has been willful and deliberate at least since this date.

72. Club Car has been damaged and irreparably harmed by Defendant's infringement of the '096 Patent and Club Car is entitled to relief under 35 U.S.C. § 154(d) and 35 U.S.C.

§ 284. Club Car will continue to suffer damages and irreparable harm unless Defendant is permanently enjoined by this Court from continuing its infringement.

## ATTORNEYS' FEES

73. Pursuant to 35 U.S.C. § 285, Club Car is entitled to and hereby demands its reasonable attorneys' fees in this case.

## JURY DEMAND

74. Pursuant to Fed. R. Civ. P. 38, Club Car respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Club Car respectfully requests the Court issue citation for Defendant to appear and answer and seeks the following additional relief:

A.  that Defendant be declared to have infringed, either directly or indirectly, one or more of the claims of the Asserted Patents under 35 U.S.C. § 271;

B.  that the making, using, offering to sell, and/or selling within the United States, and/or importation into the United States of the Accused Products will constitute an infringement of the Asserted Patents;

C.  that the Court issue a permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the Asserted Patents by Defendant, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

D.  that the Court order an accounting for all monies received by or on behalf of Defendant and all damages sustained by Club Car as a result of Defendant's aforementioned infringements, that such monies and damages be awarded to Club Car, and that interest and costs be assessed against Defendant pursuant to 35 U.S.C. § 154(d) and 35 U.S.C. § 284;

E.  that the Court declare that Defendant's infringement was and is willful from the time it became aware of the infringing nature of its products and award treble damages for the period of such willful infringement of the Asserted Patents, pursuant to 35 U.S.C. § 284;

F.  that the Court declare this an exceptional case and order that Defendants pay to Club Car its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

G.  that the Court award such further and other relief to Club Car as the Court deems just, together with its costs and disbursements in this action.

Dated: June 13, 2025

Respectfully submitted,

/s/ *Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
FINDLAY CRAFT P.C.
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com

Barry Herman (*pro hac vice* to be filed)
Maryland Federal Bar No. 26061
Julie C. Giardina (*pro hac vice* to be filed)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
E-mail: Barry.Herman@wbd-us.com
E-Mail: Julie.Giardina@wbd-us.com

Christine H. Dupriest (*pro hac vice* to be filed)
Georgia Bar No. 474494
WOMBLE BOND DICKINSON (US) LLP
271 17th Street NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 962-7538
E-Mail: Christine.Dupriest@wbd-us.com

Travis J. Iams (*pro hac vice* to be filed)

18

South Carolina Bar No. 80252
WOMBLE BOND DICKINSON (US) LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202
Telephone: (704) 331-4956
E-mail: Travis.Iams@wbd-us.com

*Attorneys for Club Car, LLC*